# IN THE COURT OF APPEALS OF IOWA

No. 13-1108
Filed May 11, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAVID BAHENA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Eliza Ovrom, Judge.

David Bahena appeals from the imposition of a fine upon the revocation of a deferred judgment for possession of marijuana with intent to distribute. **VACATED IN PART AND REMANDED.**

Lisa A. Allison of Allison Law Firm, L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

David Bahena appeals from the imposition of a fine and other costs upon the revocation of a deferred judgment for possession of marijuana with intent to deliver, in violation of Iowa Code section 124.401(1)(d) (2011). Because the fine was improperly assessed without reduction for the civil penalty previously imposed, we vacate the order in part and remand for such reduction. Contrary to Bahena's claim, the court properly informed Bahena of the maximum and minimum penalties, and this claim is rejected.

On April 30, 2012, Bahena pled guilty to the possession-with-intent-to-deliver charge, and the State agreed to dismiss two other charges. At the plea proceeding, the court informed Bahena that the charge "carries a fine ranging from $750 to $7500 plus a 35 percent surcharge," that he "would be required to pay back any monetary damages" caused by his actions, and that he "would also be required, to the degree you are reasonably able, to pay the State for any court-appointed attorney fees and court costs. Those costs would include a DARE surcharge and Law Enforcement Initiative surcharge."

In accordance with the plea agreement, Bahena was granted a deferred judgment with two years' probation. The July 3, 2012 deferred judgment order stated, in part:

> The amounts of restitution are not available at this time. At such time as the amounts are available, a supplemental order will follow.
> If the defendant was represented by court-appointed counsel, the defendant must pay restitution for attorney fees, to the extent defendant is reasonably able to do so, pursuant to section 815.9, and judgment is entered for same.
> The clerk of court shall assess the DARE surcharge pursuant to Iowa Code section 911.2 and the Law Enforcement

Initiative surcharge pursuant to Iowa Code section 911.3, to each applicable offense.

. . . .

The defendant will pay a civil penalty in the amount of $750.00 by the 3rd day of July, 2012.

In 2013, Bahena stipulated to probation violations. On July 9, 2013, the court entered an order revoking the deferred judgment and sentencing him to imprisonment not to exceed five years, which sentence was suspended. Bahena was placed on probation for two years to be served at Fort Des Moines Correctional Facility. The court also ordered Bahena to make restitution, to repay his court-appointed attorney's fees, pay a $750 fine, a thirty-five percent surcharge, a DARE surcharge, a law enforcement surcharge, and court costs. Bahena appeals, contending the court erred in assessing the $750 fine and surcharges when it revoked his deferred judgment.

Illegal sentences may be corrected at any time. Iowa R. Crim. P. 2.24(5)(a); *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010). We review sentencing decisions for a correction of errors at law. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006).

Iowa Code section 908.11(5) provides:

> Notwithstanding any other provision of law to the contrary, if the court revokes the probation of a defendant who received a deferred judgment and imposes a fine, the court shall reduce the amount of the fine by an amount equal to the amount of the civil penalty previously assessed against the defendant pursuant to section 907.14. However, the court shall assess any required surcharge, court cost, or fee upon the total amount of the fine prior to reduction pursuant to this subsection.

The district court erred in imposing a fine at the time it revoked Bahena's probation without reducing the fine by the amount of the civil penalty assessed on deferral of judgment. We therefore vacate the court's order to this extent.

Bahena also asserts that portions of the remaining fines, costs, and surcharges levied on him were ordered in violation of Iowa Code section 909.6[1] because the court at the hearing in 2013 did not specifically inform him of the DARE surcharge, court costs, and court-appointed attorney fees. We observe the district court informed Bahena of these obligations on April 17, 2011, at the time the court accepted Bahena's plea. He was informed of the fine, the thirty-five percent surcharge, court costs, court-appointed attorney fees, restitution, and the DARE surcharge in the guilty plea proceeding. *See State v. Jenkins*, 788 N.W.2d 640, 644 (Iowa 2010) ("[J]udges have no discretion in Iowa to decline to impose restitution."). The court had no obligation to repeat this information at the time of the hearing on the State's application to revoke Bahena's probation and deferred judgment. Because the district court had no obligation to again inform Bahena of the maximum and minimum sentences Bahena faced at the probation revocation proceedings, we reject this claim. *See* Iowa R. Crim. P. 2.8(2)(b).

We vacate in part and remand for an order reducing the amount of the fine "by an amount equal to the amount of the civil penalty previously assessed against the defendant pursuant to section 907.14."

**VACATED IN PART AND REMANDED.**

---

[1] The second paragraph of section 909.6 provides:

> At the time of imposing the sentence, the court shall inform the offender of the amount of the fine and that the judgment includes the imposition of a criminal surcharge, court costs, and applicable fees. The court shall also inform the offender of the duty to pay the judgment in a timely manner.